## United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Suzanne B. Conlon | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 01 CR 469 - 7 | **DATE** | 8/27/2007 |
| **CASE TITLE** | UNITED STATES OF AMERICA vs. ANDREW CUBRIA | | |

**DOCKET ENTRY TEXT**

Defendant Cubria's motion requesting relief from his restitution obligations [243] is denied. **SEE BELOW FOR DETAILS.**

*Suzanne B. Conlon*

■ [ For further details see text below.]   Notices mailed by Judicial staff.

### STATEMENT

Defendant was ordered to pay $14,362,499 restitution to the United States Department of Human Services, as a result of his involvement in significant medicare fraud. According to his motion, he agreed with the Bureau of Prisons to pay $25 a quarter toward restitution under the Inmate Financial Responsibility Program. Apparently, he is now employed by UNICOR; the Bureau of Prisons has increased his payments under the program to 50% of his UNICOR income. Defendant seeks reduction to $25 in order to assist his step-daughter pay college tuition. He argues that only the court, not the Bureau of Prisons, has authority to set a restitution schedule, citing *United States v. Gunning*, 401 F.3d 1145 (9th Cir. 2005) (scheduling of restitution payments by court is non-delegable).

The government does not address or distinguish *Gunning*, but rather cites 18 U.S.C. § 3664(k) as giving the court jurisdiction "to adjust the restitution payment schedule as the interests of justice require." Gov. resp. at 1. However, § 3664(k) actually limits the court's adjustments of the payment schedule to situations where the government certifies a material change in a defendant's economic circumstances, and sets out the procedure for altering the payment schedule.

This court is not bound by the Ninth Circuit's decision in *Gunning*. Nor does tuition aid for defendant's step-daughter constitute a *material* change in his economic status. Rather, his prison employment constitutes a change that justifies increasing his token restitution payments that previously amounted to only $100 a year. Accordingly, the court finds the increase to 50% of his UNICOR income reasonable and just.

*Suzanne B. Conlon*

| | Courtroom Deputy | AF |
|---|---|---|